## De La Brie's Case.

*Public officers—Removal—Power to remove—Appointing power—Aldermen—Constitutional law.*

1. Whether public officers are appointed to an elective office or not, they "may be removed at the pleasure of the power by which they shall have been appointed."

2. Where the Governor has appointed a person to the office of alderman, and it appears that such person had not resided in the ward for which he was appointed for one year next preceding his appointment, the Governor may correct his mistake and remove the person appointed.

3. The rule which controls the eligibility for election to an office also controls the eligibility for an appointment to the same office.

Department of Justice. Opinion to Hon. Gifford Pinchot, Governor.

WOODRUFF, Att'y-Gen., Sept. 9, 1924.—I have your request for an opinion from the Department of Justice on the following:

"*Statement and question.* A vacancy occurred in the office of alderman for the 2nd Ward of the City of Williamsport, Pennsylvania. On June 26, 1924, you appointed Mr. Philip G. A. de La Brie as alderman to fill this position. At the time you supposed that he was eligible for appointment. Subsequently it was drawn to your attention that, as required by section 11 of article V of the Constitution, he had not 'resided within the . . . ward - . . for one year next preceding his election,' but as a matter of fact had resided in said 2nd Ward of the City of Williamsport for only about three weeks at the beginning of said 'next preceding year.' Can Mr. de La Brie be removed by you from his position as alderman of said 2nd Ward?"

A study of the Constitution convinces me that Mr. de La Brie can be removed from his office as an alderman and should be removed.

There is no doubt but that an action in *quo warranto* should, if the facts are correct, result in a judgment ousting Mr. de La Brie from his office.

I am equally certain that, even if a *quo warranto* action should be practically necessary to complete his removal, you have the right to lay the foundation for such a *quo warranto* suit by your own action removing Mr. de La Brie from his office; but in saying this, I find with regret that I run counter to a long opinion of Henry C. McCormick, Attorney-General, given to Governor

Hastings, March 26, 1895, in which Attorney-General McCormick held that John J. Curley, appointed by Governor Pattison to fill a vacancy in the position of Recorder of Deeds of the City of Philadelphia, this appointment (by-the-by) being a valid one, unlike that of Mr. de La Brie, could not be disturbed in his office merely by an order of the Governor until his successor was elected and qualified.

I have laid down the rule for the Department of Justice, during the time I hold office as Attorney-General, that opinions of previous Attorneys-General will not be reviewed or disturbed except for a very strong reason. This case of the unwarranted appointment of Mr. de La Brie as alderman is, I believe, one which brings upon the Governor and the Attorney-General the duty to do everything in their power to cure the mistake in order that something done contrary to the Constitution of the Commonwealth may not continue in force.

Attorney-General McCormick did not overlook the portion of section 4 of article VI of the Constitution which reads: ". . . Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed."

In speaking of this constitutional provision, he admits that his opinion makes it difficult to give force and meaning to the phrase, excepting judges from the power of removal in connection with the phrase "appointed officers." Attorney-General McCormick was able to satisfy himself that reference to the debates of the Constitutional Convention in 1873 showed either that the part of said section 4 quoted above did not mean what it says or that the convention had intended to omit the words which except judges, and failed to do so by inadvertence.

The debates and other records of the Constitutional Convention might and should be considered in construing a part of the Constitution, if there is any evident ambiguity. No such ambiguity can be found in the part of said section 4 quoted above. The word "appointed" and the phrase "of the power by which they shall have been appointed" are clear beyond question. If the constitutional convention had meant *appointive* instead of *appointed*, they would have surely used the proper expression. In section 8 of article IV, the convention used the words *"elective* office," and in section 4 of article VI they contrast *"appointed* officers" with "officers *elected* by the people." Hence, it is clear that the convention had in mind two different forms of completely sub-dividing official positions, namely, *"elective"* as compared with *appointive* (said section 8, article IV), and *"appointed* officers" as compared with "officers *elected* by the people." Therefore, if the words "other than judges of the courts of record," which modifies "appointed officers," had been omitted in said section 4, it would be plain to me that even judges, if *appointed* by the Governor pursuant to law, might be removed at his pleasure; and the presence of an excepting phrase concerning *"elective* officers," namely, judges, to modify the scope of the words *"appointed* officers," shows, in conjunction with the use of the word "elective" in section 8 of article IV of the Constitution, that the convention had clearly in mind the distinction between *"elective* officers" and *appointed* officers, and that it clearly recognized that *"appointed* officers" may include *"elective* officers" who have been appointed by the Governor to fill a vacancy.

In the recent decision of the Supreme Court in the "Soldiers' Bonus Suit" (Armstrong et al. *v.* King, Secretary of the Commonwealth, 281 Pa. 207), Judge Simpson clearly shows the attitude of the Supreme Court concerning the possibility of ignoring an expression or words contained in the Constitu-

tion. He says: "It is clear that unless we wholly ignore the words 'but no amendment or amendments shall be submitted oftener than once in five years'—a conclusion for which no one does or reasonably can contend—"

Taking this thought of the Supreme Court, it is proper to say that no one can reasonably contend that the words "other than judges of the courts of record" should be ignored in considering what is the meaning of the words "*appointed* officers" in section 4, article VI, of the Constitution. "*Appointed* officers" cannot possibly be any except those which "shall have been appointed."

The conclusion is irresistible that if any officers are appointed either to an *elective* office or not, such appointed officers, of whom Mr. de La Brie is one, "may be removed at the pleasure of the power by which they shall have been appointed." Hence, it is within the power of the Governor to remove Mr. de La Brie from his office, and under the circumstance that he was appointed contrary to an express prohibition of the Constitution, in that he has not resided in the 2nd Ward of the City of Williamsport for one year "next preceding his appointment," it is the duty of the Governor to correct his inadvertent mistake.

One last question, namely, may the Governor appoint an officer to a vacancy in an elective office unless the appointee would be eligible to an election to that office at the time of the appointment? The asking of this question is its answer. The same rule which controls the eligibility for election to an office also controls the eligibility for an appointment to the same office.

From C. P. Addams, Harrisburg, Pa.